UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE & COMPANY LLC,

    Plaintiff,

v.    Case No.: 2:18-cv-154-FtM-38MRM

CARDINAL INDUSTRIES, INC. and
WALMART INC.,

    Defendants.
_____/

**OPINION AND ORDER**[1]

Before the Court are Defendant Cardinal Industries, Inc.'s Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 75), Defendant Walmart Inc's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 85), and Plaintiff George & Company LLC's responses (Doc. 79; Doc. 87).

This is a trademark infringement case that has been mired in jurisdictional disputes since it was filed over a year ago. After taking a break to allow for a magistrate settlement conference that reached an impasse, the Court now wades back in. The last time the Court looked at the issue, it found personal jurisdiction lacking for all then-named defendants. One of George & Co.'s theories for jurisdiction was based on Cardinal's

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

consent to litigate here in a License Agreement. That theory failed because George & Co. did not plead an element required by Florida's long-arm statute: that the agreement involved consideration of at least $250,000. But George & Co. attached evidence to a response brief suggesting that it could satisfy the element given another opportunity. So the Court granted George & Co. leave to file a fourth amended complaint to correct the deficiency in its consent-jurisdiction allegations. But George & Co.'s Fourth Amended Complaint does far more. It adds a new defendant—Walmart—and six new claims. Cardinal proposes striking the Fourth Amended Complaint because George & Co. did not comply with the Rules of Civil Procedure.

Federal Rule of Civil Procedure 15 allows parties to amend a pleading once as a matter of course, and then only with the opposing party's written consent or the court's leave. FED. R. CIV. P. 15(a). The requirement for consent or leave is not a pointless formality. It promotes judicial economy by encouraging parties to confer about amendments. And when the parties cannot agree, it protects against undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, and futile amendments despite repeated failures to cure deficiencies. See *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340 (11th Cir. 2014).

George & Co. has shown an understanding of the rules for amending pleadings. After the Court dismissed its First Amended Complaint, George & Co. filed a Second Amended Complaint that complied with the Court's order, then filed a motion for leave to file another amended complaint that added new claims and defendants. (Doc. 49). Considering the policy behind Rule 15 and the Court's previous warnings—the Court has

twice admonished George & Co. to comply with the rules (Doc. 46; Doc. 57)—the Court is not inclined to let George & Co.'s latest infraction slide.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff George & Company LLC's Fourth Amended Complaint is **STRICKEN**. George & Co. may file an amended complaint that complies with the Court's December 27, 2018 Order (Doc. 70) on or before June 21, 2019.

(2) Defendant Cardinal Industries, Inc.'s Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 75), Defendant Walmart Inc's Motion to Dismiss Plaintiff's Fourth Amended Complaint (Doc. 85), and Cardinal's Motion for Leave to File Replies to Motion to Dismiss and Motion to Stay Discovery (Doc. 81) are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 14th day of June, 2019.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record